UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO ORTEGA RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF RIVERSIDE (SHERIFF DEPT.), et al.,<br><br>Defendant. | Case No. 5:21-01155 GW (ADS)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.  INTRODUCTION**

Before the Court is a motion to dismiss ("Motion") the entire Civil Rights Complaint ("Complaint") filed by Defendants Riverside County Sheriff's Department ("RCSD"), Sheriff Chad Bianco, and Undersheriff Dennis Vrooman pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 19, Mot. to Dismiss ("Mot.").)  Defendants

argue the Complaint fails to state a Fourteenth Amendment conditions-of-confinement claim pursuant to 42 U.S.C. § 1983 ("Section 1983").  Plaintiff Raymundo O. Ramirez opposes.  (Dkt. No. 24.)  After reviewing the parties' briefing, relevant legal authority, and record in this case, the Motion is denied.

II.     **ALLEGATIONS IN THE COMPLAINT**

For purposes of this Motion, the Court accepts as true all factual allegations in the Complaint and construes them in Plaintiff's favor.  Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005).  Plaintiff was a pretrial detainee at the Cois Byrd Detention Center when a plumbing issue caused wastewater to leak into his cell.  (Dkt. No. 1, Civil Rights Compl. ("Compl.") at 15.)[1]  Plaintiff asked unnamed deputies multiple times to call maintenance to fix the backflushing, but the deputies responded there was "nothing [they] can do about it maintenance is not here no more sorry for your luck." (Id. at 15.) The deputies provided Plaintiff with rags and some disinfectant when the leak occurred, but when Plaintiff requested additional cleaning supplies, the deputies responded "ask the next shift.  They might kick in the buckets tonight." (Id. at 6, 15.)  Plaintiff never received additional supplies from the next shift.  (Id. at 15.)  When Plaintiff requested to move cells, the deputies told him "to get used to it[.]" (Id.)

Plaintiff requested medical treatment from the deputies because a cut on his right heel was exposed to the foul water. (Id.)  The deputies told him to "[p]ut in a blue slip they might see you tomorrow [they are] busy right now." (Id.)  Sometime later, Plaintiff was brought food that was rolled on a cart to his cell through the sewage water, which splashed on the food and container.  (Id.)

---

[1] All page citations are to CM/ECF pagination.

1    As a result of the lingering fumes from the wastewater, Plaintiff felt a burning
2    sensation in his eyes, throat, and nasal passages for several nights and days.  (Id. at 16.)
3    According to the Complaint, RCSD, Sheriff Bianco, and Undersheriff Vrooman have a
4    policy and widespread practice to not to (1) pass out adequate cleaning supplies,
5    (2) abate the unsanitary living conditions, and (3) pass out food free from
6    contamination from the sewage water.  (Id. at 17.)  Specifically, Plaintiff alleges the
7    Detention Center's Procedure Manual never had a routine schedule for the cells to
8    receive cleaning supplies, and the deputies had an unwritten custom and practice to find
9    excuses to not give them out as part of their daily routine.  (Id. at 16.)  Plaintiff alleges
10   Sheriff Bianco and Undersheriff Vrooman knew of the unsanitary living conditions
11   because of a prior lawsuit: Bodnar v. Riverside Cnty Sheriff's Dep't., Case No.
12   5:11-00291 DSF (OP), 2014 WL 2737815 (C.D. Cal. Feb. 6, 2011).  Based on the
13   Complaint, the Bodnar suit appears to deal with the same or similar unsanitary
14   conditions in the Cois Byrd Detention Center.  (See Compl. at 17.)

15   Plaintiff asserts two constitutional claims pursuant to Section 1983.  The first
16   claim appears to be a Fourteenth Amendment conditions-of-confinement claim based
17   on a theory of supervisory liability.  This claim is asserted against Sheriff Bianco and
18   Undersheriff Vrooman in their individual capacities.  The second claim asserts the same
19   Fourteenth Amendment violation against RCSD based on a theory of municipal liability.
20   Plaintiff seeks monetary damages for these alleged violations.  The defendants now
21   move to dismiss the entire Complaint, arguing it fails to state a claim for relief pursuant
22   to Rule 12(b)(6).

23   **III.    LEGAL STANDARD**

24   Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a

1  cognizable legal theory or fails to allege sufficient factual support for its legal theories."
2  Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016).  A
3  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."
4  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility
5  when the plaintiff pleads factual content that allows the court to draw the reasonable
6  inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556
7  U.S. 662, 678 (2009).

8        On a Rule 12(b)(6) motion, the Court must assume all factual allegations are true
9  and draw all reasonable inferences in the plaintiff's favor.  Doe, 419 F.3d at 1062.
10 However, the Court is not bound to accept as true "a legal conclusion couched as a
11 factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  A plaintiff's "[f]actual
12 allegations must be enough to raise a right to relief above the speculative level[.]"
13 Twombly, 550 U.S. at 555.  Even "a liberal interpretation of a civil rights complaint may
14 not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of
15 Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

16 **IV.**    **DISCUSSION**

17     **A.**    **Sufficiency of the Fourteenth Amendment Conditions-of-Confinement Claim**
18

19       Plaintiff asserts a Section 1983 claim against RCSD, Sheriff Bianco, and
20 Undersheriff Vrooman for subjecting him to unsanitary living conditions in violation of
21 the Fourteenth Amendment.  The defendants argue the Complaint fails to state a
22 Fourteenth Amendment conditions-of-confinement claim because the allegations fail to
23 state a sufficiently serious deprivation because the condition existed for only 16 hours,
24 and he was given some cleaning supplies.  Plaintiff does not address this specific

argument in his Opposition.  Instead, he provides a second recitation of the same facts alleged in the Complaint.

A pretrial detainee who sues prison officials for injuries suffered while in custody may do so under the Fourteenth Amendment's Due Process Clause.  <u>Castro v. Cnty. of L.A.</u>, 833 F.3d 1060, 1067-68 (9th Cir. 2016).  To state a Fourteenth Amendment conditions-of-confinement claim, a plaintiff must allege that (1) the prison official "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved–making the consequences of the defendant's conduct obvious"; and (4) that "[b]y not taking such measures, the defendant caused the plaintiff's injuries."  <u>Gordon v. Cnty. of Orange</u>, 888 F.3d 1118, 1125 (9th Cir. 2018) (citing <u>Castro</u>, 833 F.3d at 1071); <u>see also id.</u> at 1124 (noting there is no significant distinction between a deliberate indifference to safety or medical needs claim and a conditions-of-confinement claim).

Contrary to the defendants' argument, Plaintiff need not allege a sufficiently serious deprivation.  This requirement only applies to <u>Eighth Amendment</u> conditions-of-confinement claims.  See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Neither the defendants' briefing, nor this Court's research, has identified any law to suggest it is a requirement to state a <u>Fourteenth Amendment</u> conditions-of-confinement claim.  The Court thus cannot conclude that the Complaint fails to state a Fourteenth Amendment conditions-of-confinement claim.

### B. <u>Supervisory Liability</u>

Sheriff Bianco and Undersheriff Vrooman separately move to dismiss the Fourteenth Amendment claim as against them, arguing the Complaint fails to allege facts to support a theory of supervisory liability. Plaintiff does not address this specific argument in his Opposition. Instead, he provides a second recitation of the same facts alleged in the Complaint.

A supervisory official cannot be held vicariously liable for actions of a subordinate. <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989). To state a Section 1983 claim against a supervisory official, a plaintiff must allege at least one of two circumstances: Under the first circumstance, a plaintiff must allege a supervisor was personally involved in the constitutional deprivation. <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011). Under the second circumstance, a plaintiff must allege a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Hansen</u>, 885 F.2d at 646. A causal connection can be established by "'setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.'" <u>Rodriguez v. Cnty. of L.A.</u>, 891 F.3d 776, 798 (9th Cir. 2018) (quoting <u>Starr</u>, 652 F.3d at 1207).

The parties do not dispute that the Complaint is devoid of allegations showing Sheriff Bianco and Undersheriff Vrooman personally participated in the alleged unconstitutional and unsanitary conditions of confinement. Instead, their main dispute is whether the Complaint alleges enough facts to show a causal connection between Sheriff Bianco and Undersheriff Vrooman's alleged wrongful conduct and the alleged condition.

Specifically, Sheriff Bianco and Undersheriff Vrooman argue Plaintiff fails to link them to the alleged unconstitutional and unsanitary conditions. They contend the Complaint alleges that they are top policymakers who had a policy of allowing deputies "to never pass out cleaning supplies." (Mot. at 12.) This allegation alone, they argue, is not enough to show a causal connection between their wrongful conduct and the alleged condition. Sheriff Bianco and Undersheriff Vrooman also argue something related to Bodnar; however, the Court cannot discern the purpose of this argument. (See id. at 12.) Specifically, the Motion states as follows:

> Plaintiff claims that by virtue of a 2011 lawsuit against the County (*Bodnar v. Riverside County Sheriff's Dept.*, et al., 2014 WL 2737815 (C.D. Cal. 2014)), the Sheriff and Undersheriff had knowledge of unsanitary living conditions and failed to cure, abate, or break up the custom and practice that existed at County detention facilities. The plaintiff in *Bodnar* claimed that between April 2012 and September 2013 (approximately a year and a half), defendant maintained a custom of allowing a back flushing problem while denying cleaning supplies. Here, Plaintiff alleges no such thing. Rather, he alleges an isolated incident concerning a plumbing issue that occurred On January 30-31, 2021 (between the hours of 9:00 a.m. to 1:00 a.m.) during which he was not satisfied with the cleaning materials provided (i.e., rags and disinfectant). Because there is no basis for holding Sheriff Bianco and Undersheriff Vrooman liable in their individual capacities, they must be dismissed.

(Mot. at 12.) By contrast, Plaintiff argues the Complaint alleges enough facts to show Sheriff Bianco and Undersheriff Vrooman knew of the backflushing problems and their deputies' refusal to provide adequate cleaning supplies that was causing unsanitary conditions, yet they failed to fix these issues.

The Court agrees with Plaintiff that the Complaint alleges sufficient facts to support a theory of supervisory liability against Sheriff Bianco and Undersheriff Vrooman. The Complaint alleges that when a lawsuit is filed against RCSD, the undersheriff notifies the sheriff of the underlying lawsuit. (Compl. at 16.) The

1    Complaint thus alleges that when <u>Bodnar</u> was filed, Sheriff Bianco and Undersheriff
2    Vrooman were notified of the backflushing problems and the alleged failure to provide
3    adequate cleaning supplies.  (<u>Id.</u> at 17.)  Despite this knowledge, the Complaint alleges
4    Sheriff Bianco and Undersheriff Vrooman failed to cure the unsanitary living conditions
5    when the sewage backs up, in part, by adopting a deficient policy of not passing
6    adequate cleaning supplies or fixing the sewage issues.  (<u>Id.</u> at 17.)  Their failure to fix
7    the deficient policy, the Complaint alleges, resulted in Plaintiff being subjected to the
8    unsanitary conditions.  (<u>Id.</u> at 15.)  Consequently, Plaintiff felt a burning sensation to his
9    eyes, throat, and nasal passages for several days and nights.  (<u>Id.</u> at 16.)  Accepting these
10   allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court
11   finds the Complaint adequately states a Fourteenth Amendment
12   conditions-of-confinement claim against Sheriff Bianco and Undersheriff Vrooman
13   based on a theory of supervisory liability.

14              C.      **Municipal Liability**

15              Plaintiff asserts the same Fourteenth Amendment conditions-of-confinement
16   claim against RCSD based on a theory of municipal liability.  In the Motion, RCSD
17   argues this claim fails for two reasons.  First, RCSD argues its policies are accessible
18   online, but Plaintiff fails to identify any of those policies as the one that caused the
19   unsanitary conditions of confinement.  Second, RCSD argues the Complaint fails to
20   allege a widespread custom that caused the constitutional violation but alleges only that
21   Plaintiff suffered a single, isolated incident.  Plaintiff does not address these specific
22   arguments in his Opposition.
23              To state a Section 1983 claim against a municipal defendant, like RCSD, Plaintiff
24   must allege (1) he was deprived of a constitutional right, (2) the County has a policy,

1  custom or practice which amounted to deliberate indifference to that constitutional
2  right; and (3) the policy, custom, or practice was the moving force behind the
3  constitutional violation.  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).
4  A plaintiff need only allege a policy, practice, or custom–not all three–to state a claim.
5  See id.
6      RCSD asks the Court to consider its policies that are accessible online.  However,
7  RCSD fails to support its request with any legal authority.  Moreover, these are
8  additional facts not included in the Complaint, which therefore are not properly
9  considered when assessing the sufficiency of the Complaint on a Rule 12(b)(6) motion.
10 See Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (noting district court may
11 not consider any material beyond the pleadings when assessing a Rule 12(b)(6) motion
12 with limited exceptions).
13     At a minimum, the Complaint identifies a policy that was the moving force
14 behind the alleged unconstitutional conditions.  The Complaint alleges that RCSD has a
15 policy to not provide adequate cleaning supplies despite knowing of the backflushing
16 issue, which caused Plaintiff to suffer a burning sensation in his eyes, throat, and nasal
17 passages as a result of the unsanitary conditions.  At this stage of the litigation, the
18 Court must assume that Plaintiff's allegations regarding this policy are true and draw all
19 reasonable inferences in Plaintiff's favor.  Doe, 419 F.3d at 1062.  RCSD cannot ignore
20 these allegations by pointing to evidence outside the Complaint without providing legal
21 support for its position.[2]  Because Plaintiff need only allege a policy, practice, or custom,

---

[2] In the Reply, RCSD raises a new argument.  (See Dkt. No. 25 at 2-4.)  In support of this argument, RCSD requests that the Court take judicial notice of numerous filings in a case titled Appling v. Riverside Cnty., Case No. 5:15-01417 DSF (JCS) (C.D. Cal. July 16,

the Court need not address RCSD's argument about whether it had a <u>custom</u> that was the moving force behind the constitutional violation.

## V. CONCLUSION

For the foregoing reasons, it is recommended that the District Judge issue an Order (1) accepting this Report and Recommendation; (2) denying the Motion, (Dkt. No. 19); and (3) ordering the defendants to file an answer within 14 days after the order accepting this Report and Recommendation is issued.

IT IS SO ORDERED.

Dated: August 17, 2022

                                                    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

---

2015). (Dkt. No. 26, Request for Jud. Notice.) The Court declines to consider this argument because it was raised for the first time in its Reply. <u>Bazuaye v. INS</u>, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); <u>FT Travel–N.Y., LLC v. Your Travel Ctr., Inc.</u>, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (same). Moreover, the Court denies RCSD's request to take judicial notice of those filings because it fails to adequately explain why these documents, let alone which facts contained within these documents, are relevant for purposes of a Rule 12(b)(6) motion. See <u>Khoury Invs. Inc. v. Nationwide Mut. Ins. Co.</u>, No. CV 13-05415-MWF (Ex), 2013 WL 12140449, at *1 (C.D. Cal. Sept. 16, 2013) ("The matter to be judicially noticed must also be relevant to the issues in this case.").